**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| ODIS SPENCER, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No.  5:15-cv-00233 |
| | § | |
| HUGHES WATTERS ASKANASE, LLP, | § | |
| ET AL., | § | |
| | § | |
| *Defendants.* | § | |

## ORDER

On this day the Court considered Robert D. Valdespino, Jack O'Boyle, and Christopher S. Ferguson's (collectively "Defendants"), Motion to Dismiss for Failure to State a Claim. (Docket no. 7).  For the following reasons, the Court GRANTS dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

## I.      BACKGROUND

Plaintiff Odis Spencer filed a state court petition with an application for damages in the 225th Judicial District Court of Bexar County, Texas, on February 2, 2015.  (Docket no. 1-4). By his lawsuit, Spencer seeks to receive damages for a foreclosure and eviction upon the property at 7403 Cinnabar Trail, San Antonio, Texas 78244 (the "Property").  On September 4, 2012, Everhome Mortgage Company, LLC ("EMC") purchased the Property at a non-judicial foreclosure sale that was held pursuant to the terms of a note and deed of trust executed by Spencer on January 29, 1987.  (Docket no. 1, Ex. B). On September 4, 2012, Spencer was granted a Temporary Restraining Order ("TRO") against EMC and the law firm of Hughes Watters & Askanse, LLP ("HWA"), which went into effect September 4, 2012, and extended until September 28, 2012, to stop a foreclosure sale.  (Docket no. 1, Ex. A).  Despite the TRO, a

1

foreclosure and sale of the Property took place on September 4, 2012.[1]  (Docket no. 1, Ex. B).
The Property was eventually sold on April 10, 2013 to REOCO, Inc.  (Docket no. 1-4, Ex. D).

On February 20, 2013, EMC retained the law firm of Jack O'Boyle & Associates
("JOA") to serve as eviction counsel against Spencer.  (Docket no. 7, p. 7).  Christopher
Ferguson, an attorney at JOA, acted as lead attorney on the case.  (*Id*. at 8).  Jack O'Boyle, an
attorney at JOA, was not assigned to the case.  (*Id*.)  Robert Valdespino acted as local counsel for
JOA on the case.  (*Id*.)

In its capacity as eviction counsel, JOA served Spencer a notice to vacate and demand for
possession on February 25, 2013.  (Docket no. 7, Ex. 2).  JOA filed a petition for forcible
detainer against Spencer on January 22, 2014.  (Docket no. 1-4, p. 5).  On April 17, 2014, the
petition for forcible detainer was abated until the resolution of a district court case filed by
Spencer against EMC.  (Docket no. 7, p. 8).

On August 4, 2014, Spencer filed a petition in Bexar County District Court against
Defendants, but not HWA, for alleged actions arising from the eviction as a result of the
foreclosure and sale of the Property.  (Docket no. 7, Ex. 6).  The petition was non-suited with
prejudice on December 30, 2014.  (Docket no. 7, Ex. 6).

Spencer filed a second petition against the Defendants and HWA on February 2, 2015.
(Docket no. 1-4).  Spencer alleged four causes of action against all the defendants in his state
court petition: (1) violation of the Fair Debt Collections Practices Act ("FDCPA"); (2) fraud and
misrepresentation under Texas Unfair Trade Practices; (3) violation of the Texas Civil Practice
and Remedies Code § 12; and (4) an "intentional tort" alleging "emotional distress" caused by

---

[1] It is unclear from the record how the foreclosure and sale occurred the same day the TRO issued, i.e. whether the substitute trustee was served with the TRO.  Regardless, the circumstances of the sale on September 4, 2012, have no bearing on this motion to dismiss by after-hired counsel.

the Defendants' intentional acts, which the Court construes as an intentional infliction of emotional distress ("IIED") claim. (Docket no. 1-4).

Defendants removed the case to federal court based on federal question jurisdiction. (Docket no. 1). Subsequently, Defendants[2] moved to dismiss the case, arguing that: (1) Defendants are immune from suit; and (2) Spencer's claims are barred due to *res judicata* and collateral estoppel. Spencer has not responded to the motion to dismiss. However, he filed an amended complaint on May 5, 2015.[3] The Court evaluates the merits of the Defendants' motion to dismiss based on Spencer's amended complaint which includes no material changes from the original petition.

## II.    JURISDICTION

Defendants removed based on federal question jurisdiction. Spencer has not contested jurisdiction or filed a motion to remand, but the Court has "a continuing obligation to examine the basis for [its] jurisdiction" and may raise the issue *sua sponte*. *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

A state civil action may only be removed to federal court if the federal district court would have had jurisdiction originally. 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal district courts have supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). Additionally, § 1441(c) provides that:

_____

[2] HWA has not moved to dismiss.
[3] Changes in Spencer's amended complaint consist of: (1) addition of Exhibit D 'Notice to Vacate and Demand for Possession'; (2) deletion of Exhibit D from original complaint 'Deed Without Warranty'; (3) addition of 'Petition for Forcible Detainer' to Exhibit E; (4) addition of Exhibit F, which includes the same 'Substitute Trustee's Deed' as Exhibit B. The facts and causes of action alleged remain unchanged.

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 [federal question] of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C. § 1441(c). A state law claim is not separate and independent from a federal claim if both claims involve "substantially the same facts." *Eastus v. Blue Bell Creameries*, 97 F.3d 100, 104 (5th Cir. 1996).

Spencer alleges that HWA and Defendants violated the Federal Debt Collection Practices Act, 15 U.S.C. § 1692. In addition to the FDCPA claim, Spencer alleges three state-law claims against HWA and Defendants: (1) fraud and misrepresentation in violation of the Texas Unfair Trade Practices; (2) fraud in violation of the Texas Civil Practice and Remedies Code § 12; and (3) an IIED claim. Spencer's claims all arise out of "substantially the same facts" and thus are not deemed to be separate and independent. *Eastus*, 97 F.3d at 104. Spencer's state law claims arise from the same set of facts as his federal claim pertaining to the defendants' alleged wrongful and fraudulent filing of a notice to vacate and demand for possession and forcible detainer. *See* Docket no. 1-4; *see Bella v. Davis*, 531 F. App'x 457, 459 (5th Cir. 2013) (holding that it is within the district court's discretion to exercise supplemental jurisdiction when state law claims "[arise] from the same set of facts" as federal claims). Therefore, pursuant to § 1367, this Court has supplemental jurisdiction over the state law claims because they arise out of the "same case and controversy" as the related federal claim over which this Court has original jurisdiction. 28 U.S.C. § 1367. Federal question and supplemental jurisdiction are proper here.

### III.    LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim for relief must contain: (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief"; and (3) "a demand for the relief sought." FED. R. CIV. P. 8(a).  In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed favorably to the plaintiff.  *Fernandez-Montez v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993).  To survive a 12(b)(6) motion, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*.

A court may consider documents incorporated into the complaint by reference when considering a motion to dismiss.  *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).  The court may also consider any documents attached to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.  *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010); *see also Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010) (quoting *Scanlan v. Tex. A & M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003) (holding that while the court generally must not go outside the pleadings, "the court may consider documents attached to a motion to dismiss that 'are referred to in the plaintiff's complaint and are central to the plaintiff's claim.'")).  The district court may also take judicial notice of matters of public record.  *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011); *see also Norris v. Hearst Trust*, 500 F.3d 454, 461 n. 9 (5th Cir. 2007) ("[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record.").

Here, Defendants attached a substitute trustee's deed, notice to vacate and demand for possession, and other documents to the motion to dismiss and notice of removal.  (*See* docket no. 7, exs. 1-7).  They are referenced in Spencer's petition and are central to his claims.  Further, Defendants have attached Spencer's original petition filed in a previous case in state court that is a matter of public record, of which the Court takes judicial notice.  The Court, therefore, will consider the documents attached to the motion to dismiss in its analysis.

## IV.    ANALYSIS

Defendants argue that Spencer's petition should be dismissed because the claims against them arise out of representation of their client as eviction counsel and they are protected under Texas law by attorney immunity.   Additionally, Defendants argue that the petition should be dismissed due to issues of *res judicata* and collateral estoppel.

### A.  IMMUNITY

Under Texas law, attorneys are generally immune from suits brought against them by adversaries when the action arises out of the duties of representing a client.  *Rojas v. Wells Fargo Bank, N.A.*, 571 F. App'x 274, 278 (5th Cir. 2014); *Chapman Children's Trust v. Porter & Hedges, L.L.P.*, 32 S.W.3d 429, 440–41 (Tex. App.—Houston [14th Dist.] 2000, pet. denied).  Moreover, an attorney's conduct is not actionable "even if it is frivolous or without merit as long as the attorney's alleged conduct was part of discharging his duties in representing his client." *Chapman Children's Trust,* 32 S.W.3d at 440.  Under Texas law, attorney immunity applies to litigation, transactions, and foreclosure work.  *See Iqbal v. Bank of Am., N.A.*, 559 F. App'x 363, 365 (5th Cir. 2014) (holding that attorney immunity applies in the foreclosure context).

In *Rojas*, the 5th Circuit held that a firm retained to assist in a foreclosure was immune from liability when the actions complained of by the adversary were within the scope of

representation. *See Rojas,* 571 F. App'x at 278; *see also Iqbal,* 559 F. App'x at 365. Spencer alleges Defendants: (1) violated the FDCPA by filing a wrongful petition for forcible detainer and notice to vacate and demand for possession; (2) committed fraud and misinterpretation under Texas Unfair Trade Practices in filing the petition for forcible detainer and notice to vacate and demand for possession; (3) violated the Texas Civil Practice and Remedies Code, § 12 by fraudulently continuing with the eviction process against him; and (4) and intentionally inflicted emotional distress in filing the petition for forcible detainer and notice to vacate and demand for possession. Docket no. 11. Defendants took all of the alleged actions in their official capacity as eviction counsel. Immunity applies to Spencer's allegations against Defendants as eviction counsel because their alleged action is "conduct an attorney engages in as part of the discharge of his duties in representing a party…." *Chapman Children's Trust,* 32 S.W.3d at 440 (quoting *Bradt v. We*st, 892 S.W.2d 56, 72 (Tex. App.—Houston [1st Dist.] 1995, writ denied).

## B. *RES JUDICTA* AND COLLATERAL ESTOPPEL

Next, Defendants argue the case should be dismissed on *res judicata* and collateral estoppel grounds because Spencer brought the same claims against Defendants previously and that suit resulted in an "Order of Non-Suit with Prejudice" in the state court. *See* Docket no. 7, Ex. 6. Here, Spencer filed a petition that is virtually identical to the one that was nonsuited with prejudice previously. *Compare* docket nos. 1-4 and 11 *with* (docket no. 7-5).

The doctrine of *res judicata* bars the relitigation of claims already decided on the merits by a court with proper jurisdiction in a prior proceeding. *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). Likewise, under collateral estoppel, "when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *RecoverEdge L.P. v. Pentecost*, 44

F.3d 1284, 1290 (5th Cir. 1995) (quoting *Ashe v. Swenson*, 397 U.S. 436, 443 (1970)).  In Texas, state court orders of nonsuit with prejudice "constitute an adjudication on the merits," and have *res judicata* effect. *Epps v. Fowler*, 351 S.W.3d 862, 864 (Tex. 2011) ("[A] nonsuit with prejudice immediately alters the legal relationship between the parties by its res judicata effect."); *see also America's Favorite Chicken Co. v. Galvan*, 897 S.W.2d 874, 878 (Tex. App.—San Antonio 1995, writ denied) (citing *Mossler v. Shields*, 818 S.W.2d 752, 754 (Tex. 1991)).

If *res judicata* and collateral estoppel were the only basis for dismissal, the Court would convert the Rule 12(b)(6) motion to dismiss to a 12(d) motion for summary judgment out of caution.  *See, e.g.*, *Avila v. Ocwen Loan Servicing, LLC*, No. SA-14-CV-807-XR, 2014 WL 5795495, at *4 (W.D. Tex. Nov. 6, 2014); *see Hall v. Hodgkins*, 305 F. App'x 224, 227 (5th Cir. 2008); *Test Masters*, 428 F.3d at 570, n. 2 (holding that *res judicata* and collateral estoppel should be pled as affirmative defenses; not brought in a Rule 12(b)(6) motion to dismiss.); *but see Dean v. Mississippi Bd. of Bar Admissions*, 394 F. App'x 172, 175 (5th Cir. 2010) ("Dismissal under Rule 12(b)(6) on *res judicata* grounds may be appropriate when the elements of *res judicata* are apparent on the face of the pleadings.").  However, because the Court already granted dismissal on immunity grounds, conversion to a motion for summary judgment is unnecessary.  It is clear from the face of the pleadings Spencer's suit against Defendants is precluded and will be dismissed.

### C.  CLAIMS AGAINST HWA

"A district court may *sua sponte* dismiss a complaint under Rule 12(b)(6) 'as long as the procedure employed is fair.'"  *Whatley v. Coffin*, 496 F. App'x 414, 415 (5th Cir. 2012) (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)).  Spencer's petition is unclear and does not differentiate between defendants when stating claims.  Therefore the Court is construing all

counts as asserted against all parties.  The claims against the substitute trustee HWA remain pending, as HWA is not party to the motion to dismiss and has not asserted immunity or preclusion.  However, the Court raises *sua sponte* that Spencer does not appear to allege any facts against HWA to support a cause of action under the FDCPA beyond mere legal conclusions.  (Docket no. 11, p. 6).

The FDCPA prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt" and from using "unfair or unconscionable means to collect or attempt to collect any debt."  15 U.S.C. §§ 1692(e) and (f). Spencer fails to allege sufficient facts demonstrating that HWA is a "debt collector" within the meaning of the FDCPA or how HWA's status as a substitute trustee makes it a debt collector.  15 U.S.C. § 1692(a); *see Riley v. Wells Fargo Bank, N.A.*, No. CIV.A. H-13-0608, 2014 WL 129397, at *5 (S.D. Tex. Jan. 8, 2014).  Further, under Texas law, HWA, as substitute trustee, is not considered a "debt collector."  *See* Tex. Prop. Code § 51.0075(b) ("A trustee or substitute trustee is not a debt collector.").

Spencer also fails to allege facts to support that HWA acted falsely, deceptively, or with misleading representation or means to collect a debt in connection with the foreclosure sale.  (*See* Docket no. 1-4, p. 6).  Nor does he allege facts to support that HWA used unfair or unconscionable means to collect a debt when conducting the foreclosure sale.  *Id.*  Spencer appears to fail to state a claim against HWA for violations of the FDCPA.

If the FDCPA claim against HWA is dismissed, all of the federal claims in this case will have been terminated.  The Court's jurisdiction over the state claims is based on supplemental jurisdiction under 28 U.S.C. § 1367(a) and relates back to the Court having federal question jurisdiction under 28 U.S.C. § 1441(a) over the FDCPA claims.

9

"The general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial." *Brookshire Bros. Holding v. Dayco Products, Inc.*, 554 F.3d 595, 602 (5th Cir. 2009); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988) ("When the single federal-law claim in the action was eliminated at an early stage of the litigation, the District Court had a powerful reason to choose not to continue to exercise jurisdiction."); *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992).  Without a federal claim to base supplemental jurisdiction on, the Court could choose to no longer exercise supplemental jurisdiction over Spencer's state claims against HWA.

**Therefore, Plaintiff is given notice that the Court is considering dismissing the FDCPA claim against Defendant HWA for failure to state a claim, and Plaintiff has until June 18, 2015, to show cause why dismissal would be improper.  Further, notice is given to all parties that, if the FDCPA claim is dismissed, this Court intends to exercise its discretion under 28 U.S.C. § 1367(c) to decline to exercise its supplemental jurisdiction over the remaining state-law claims, and the parties have until June 18, 2015, to show cause why the case should not be remanded.**

## V.    CONCLUSION

For all of the above stated reasons, Defendants' motion to dismiss (Docket no. 7) is GRANTED.   Plaintiff's claims against Defendants Robert D. Valdespino, Jack O'Boyle, Christopher S. Ferguson's, and Jack O'Boyle and Associates are DISMISSED WITH PREJUDICE.  The claims against HWA are still pending.  HWA has moved to strike Spencer's amended complaint (docket no. 11) because it was filed without leave of court or opposing parties' permission pursuant to Federal Rule of Civil Procedure 15.  Docket no. 12.  It is this

Court's practice to imply a motion for leave to amend.  Considering the applicable factors under Rule 15, HWA's motion to strike (docket no. 12) is DENIED and the Court grants leave to Spencer to file the amended complaint.

It is so ORDERED.

SIGNED this 3rd day of June, 2015.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE