IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ODIS SPENCER, § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | Civil Action No. 5:15-cv-00233 |
| § | |
| HUGHES WATTERS ASKANASE, LLP, § | |
| ET AL., § | |
| § | |
| *Defendants*. § | |

**AMENDED ORDER**

On this day the Court considered the status of this case. Plaintiff Odis Spencer filed a motion for leave to file an amended complaint. Docket no. 14. The Court previously dismissed Robert D. Valdespino, Jack O'Boyle, and Christopher S. Ferguson's (collectively "Defendants") on June 3, 2015, denied a motion to strike an amended complaint,[1] and put Spencer and the remaining defendant on notice to respond on why the Court should not dismiss the federal claim against the remaining defendant and withdraw supplemental jurisdiction. Docket no. 13; *Spencer v. Hughes Watters Askanse, LLP*, No. 5:15-CV-00233, 2015 WL 3507117, at *1 (W.D. Tex. June 3, 2015). Because docket no. 14's attachments are identical to the amended complaint (docket no. 11) the motion is DENIED as MOOT. However, after further consideration of Defendants' motion to dismiss, the Court amends its previous Order to further clarify its analysis. Defendants were properly dismissed.

---

[1] HWA's moved to strike the amended complaint because Spencer had not moved for leave to amend on June 1, 2015. The Court denied HWA's motion and had the amended complaint docketed. Docket no. 13. Docket no. 11 and the amended complaint and exhibits attached to docket no. 14 are identical.

## I.     BACKGROUND

Plaintiff Odis Spencer filed a state court petition with an application for damages in the 225th Judicial District Court of Bexar County, Texas, on February 2, 2015.  (Docket no. 1-4). By his lawsuit, Spencer seeks to receive damages for a foreclosure and eviction at 7403 Cinnabar Trail, San Antonio, Texas 78244 (the "Property").  On September 4, 2012, Everhome Mortgage Company, LLC ("EMC") purchased the Property at a non-judicial foreclosure sale that was held pursuant to the terms of a note and deed of trust executed by Spencer on January 29, 1987. (Docket no. 1, Ex. B). On September 4, 2012, Spencer was granted a Temporary Restraining Order ("TRO") against EMC and the law firm of Hughes Watters & Askanse, LLP ("HWA"), which went into effect September 4, 2012, and extended until September 28, 2012, to stop a foreclosure sale.  (Docket no. 1, Ex. A).  Despite the TRO, a foreclosure and sale of the Property took place on September 4, 2012.[2]  (Docket no. 1, Ex. B).  The Property was eventually sold on April 10, 2013 to REOCO, Inc.  (Docket no. 1-4, Ex. D).

On February 20, 2013, EMC retained the law firm of Jack O'Boyle & Associates ("JOA") to serve as eviction counsel against Spencer.  (Docket no. 7, p. 7).  Christopher Ferguson, an attorney at JOA, acted as lead attorney on the case.  (*Id*. at 8).  Jack O'Boyle, an attorney at JOA, was not assigned to the case.  (*Id*.)  Robert Valdespino acted as local counsel for JOA on the case.  (*Id*.)

In its capacity as eviction counsel, JOA served Spencer a notice to vacate and demand for possession on February 25, 2013.  (Docket no. 7, Ex. 2).  JOA filed a petition for forcible detainer against Spencer on January 22, 2014.  (Docket no. 1-4, p. 5).  On April 17, 2014, the

---

[2] It is unclear from the record how the foreclosure and sale occurred the same day the TRO issued, i.e. whether the substitute trustee was served with the TRO.  Regardless, the circumstances of the sale on September 4, 2012, have no bearing on this motion to dismiss by after-hired counsel.

2

petition for forcible detainer was abated until the resolution of a district court case filed by Spencer against EMC. (Docket no. 7, p. 8).

On August 4, 2014, Spencer filed a petition in Bexar County District Court against Defendants, but not HWA, for alleged actions arising from the eviction as a result of the foreclosure and sale of the Property. (Docket no. 7, Ex. 6). The petition was non-suited with prejudice on December 30, 2014. (Docket no. 7, Ex. 6).

Spencer filed a second petition against the Defendants and HWA on February 2, 2015. (Docket no. 1-4). Spencer alleged four causes of action against all the defendants in his state court petition: (1) violation of the Fair Debt Collections Practices Act ("FDCPA"); (2) fraud and misrepresentation under Texas Unfair Trade Practices; (3) violation of the Texas Civil Practice and Remedies Code § 12; and (4) an "intentional tort" alleging "emotional distress" caused by the Defendants' intentional acts, which the Court construes as an intentional infliction of emotional distress ("IIED") claim. (Docket no. 1-4).

Defendants removed the case to federal court based on federal question jurisdiction. (Docket no. 1). Subsequently, Defendants[3] moved to dismiss the case, arguing that: (1) Defendants are immune from suit; and (2) Spencer's claims are barred due to *res judicata* and collateral. Spencer never responded to the motion to dismiss. However, he filed an amended complaint on May 19, 2015.[4] Docket no. 11.

## II.   LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556

---

[3] HWA has not moved to dismiss.
[4] Changes in Spencer's amended complaint consist of: (1) addition of Exhibit D 'Notice to Vacate and Demand for Possession'; (2) deletion of Exhibit D from original complaint 'Deed Without Warranty'; (3) addition of 'Petition for Forcible Detainer' to Exhibit E; (4) addition of Exhibit F, which includes the same 'Substitute Trustee's Deed' as Exhibit B. The facts and causes of action alleged remain unchanged.

U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief must contain: (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief"; and (3) "a demand for the relief sought." FED. R. CIV. P. 8(a). In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed favorably to the plaintiff. *Fernandez-Montez v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). To survive a 12(b)(6) motion, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*.

A court may consider documents incorporated into the complaint by reference when considering a motion to dismiss. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The court may also consider any documents attached to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010); *see also Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010) (quoting *Scanlan v. Tex. A & M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003) (holding that while the court generally must not go outside the pleadings, "the court may consider documents attached to a motion to dismiss that 'are referred to in the plaintiff's complaint and are central to the plaintiff's claim.'")). The district court may also take judicial notice of matters of public record. *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011); *see also Norris v. Hearst Trust*, 500 F.3d 454, 461 n. 9 (5th Cir. 2007) ("[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record.").

Here, Defendants attached a substitute trustee's deed, notice to vacate and demand for possession, and other documents to the motion to dismiss and notice of removal. (*See* docket no. 7, exs. 1-7). They are referenced in Spencer's petition and are central to his claims. Further, Defendants have attached Spencer's original petition filed in a previous case in state court that is a matter of public record, of which the Court takes judicial notice. The Court, therefore, will consider the documents attached to the motion to dismiss in its analysis.

### III.   ANALYSIS

Defendants argue that Spencer's petition should be dismissed because: (1) the claims against them arise out of representation of their client as eviction counsel and they are protected under Texas law by attorney immunity; and (2) *res judicata* and collateral estoppel.

Under Texas law, attorneys are generally immune from suits brought against them by adversaries when the action arises out of the duties of representing a client. *Rojas v. Wells Fargo Bank, N.A.*, 571 F. App'x 274, 278 (5th Cir. 2014); *Chapman Children's Trust v. Porter & Hedges, L.L.P.*, 32 S.W.3d 429, 440–41 (Tex. App.—Houston [14th Dist.] 2000, pet. denied). Moreover, an attorney's conduct is not actionable "even if it is frivolous or without merit as long as the attorney's alleged conduct was part of discharging his duties in representing his client." *Chapman Children's Trust,* 32 S.W.3d at 440. Under Texas law, attorney immunity applies to litigation, transactions, and foreclosure work. *See Iqbal v. Bank of Am., N.A.*, 559 F. App'x 363, 365 (5th Cir. 2014) (holding that attorney immunity applies in the foreclosure context).

However, attorneys may be liable for actions taken on behalf of clients if "the attorneys 'knowingly commit[] a fraudulent act outside the scope of [their] legal representation of [their] client.'" *Iqbal v. Bank of Am., N.A.*, No. A-12-CA-938-SS, 2012 WL 11955635, at *3 (W.D. Tex. Dec. 18, 2012) aff'd, 559 F. App'x 363 (5th Cir. 2014) (quoting *Alpert v. Grain, Caton & James, P.C.*, 178 S.W.3d 398, 406 (Tex. App.—Houston [1st Dist.] 2005, pet. denied).

5

"[W]here a lawyer acting for his client participates in fraudulent activities, his action in so doing is 'foreign to the duties of an attorney.'" *Likover v. Sunflower Terrace II, Ltd.*, 696 S.W.2d 468, 472 (Tex. App.—Houston [1st Dist.] 1985, no writ) (quoting *Poole v. Houston & T.C. Ry*, 58 Tex. 134, 137 (1882)); *Byrd v. Vick, Carney & Smith LLP*, 409 S.W.3d 772, 781 (Tex. App.—Ft. Worth 2013, rev. granted Aug. 22, 2014) ("intentional and knowing inclusion of false information in a bill of sale to assist a client in avoiding tax liability is" fraudulent conduct outside the scope of representation from which an attorney is not immune from suit).

Spencer alleges "Plaintiff is informed and believes, based upon a Court Order TRO, that the Defendants', after being fully informed of the TRO, continued with the eviction process against Plaintiff's property." Docket no. 11 at ¶ 35. He further alleges "Defendants' did not have the authority to bind EMC Mortgage LLC, and when they executed the forcible detainer based upon the appointment of [HWA], Defendants' caused to be filed a fraudulent document in the Court." *Id*. at ¶ 36. Spencer also states in conclusory assertions that Defendants committed "fraud," and he inserts boilerplate language for the FDCPA and TCPA claims at various points in the amended complaint.

Ignoring for the moment that Spencer did not actually make this argument in the time allotted to respond to the motion to dismiss, a TRO was not in place when Defendants filed the petition for forcible detainer and notice to vacate and demand for possession. *See* docket no. 11 at 9 and 22. The initial TRO expired on September 18, 2012, and was extended on September 17, 2012 to October 1, 2012. *See* Tex. R. Civ. P. 650 ("Each temporary restraining order granted without notice shall be endorsed with the date and hour of issuance; . . . and shall expire by its terms within such time after signing, not to exceed fourteen days, as the court fixes, unless within the time so fixed the order, for good cause shown, is extended for a like period . . . .").

The complained of action in this case, the filing of the petition for forcible detainer and notice to vacate and demand for possession, took place on February 25, 2013 or later.  Further, the TROs were not issued against Defendants, and Spencer has not alleged any facts to support his assertion that Defendants "were fully informed of the TRO" at the time they filed the petition for forcible detainer and notice to vacate and demand for possession.  And again, the TROs had expired when Defendants acted. Spencer has not alleged facts to support a claim against Defendants that Defendants are not entitled to attorney immunity under Texas law.

Next, Spencer's amended complaint includes allegations that Defendants violated the FDCPA.  "Lawyers engaged in consumer debt collection litigation may be held liable for violating the FDCPA.  *Eads v. Wolpoff & Abramson, LLP*, 538 F. Supp. 2d 981, 987 (W.D. Tex. 2008) (citing *Addison v. Braud*, 105 F.3d 223, 224 n. 1 (5th Cir. 1997) ("[T]he FDCPA applies to attorneys who regularly engage in debt collection litigation.").  "[A] lawyer who regularly tries to obtain payment of consumer debt through legal proceedings is a lawyer who regularly 'attempts to collect' those consumer debts," which falls within the FDCPA's definition of a debt collector. *Heintz v. Jenkins*, 514 U.S. 291, 294 (1995); *see* 15 U.S.C. § 1692a(6) (defining a debt collector).  The FDCPA provides a cause of action against attorneys who are debt collectors for misrepresenting the character, nature or amount of debt in violation of § 1692f(1).  *Eads v. Wolpoff & Abramson, LLP*, 538 F. Supp. 2d at 986.  It also provides a cause of action against attorneys for acts taken in legal proceedings.  *See, e.g.*, *Heintz*, 514 U.S. at 294 (subjecting debt collection attorneys to FDCPA liability); *Goldman v. Cohen*, 445 F.3d 152, 155 (2d Cir. 2006) (filing a lawsuit basis for suit against an attorney under the FDCPA); *Sayyed v. Wolpoff & Abramson*, 485 F.3d 226, 229 (4th Cir. 2007) (holding the FDCPA applies "to law firms that constitute debt collectors, even where their debt-collecting activity is litigation").

Spencer alleges "Defendant [sic] misrepresented the character and legal status of the unlawful debt in violation of 15 U.S.C. 1692(e)(2), by filing forcible detainer proceedings while under Court Ordered Temporary Restraining Order from the 57th Judicial District Court, Bexar County, Texas to Plaintiff and third persons and assisting in the filing of an unlawful foreclosure action in county court."  Docket no. 11 at ¶ 17.  Similarly, Spencer alleges Defendants engaged in conduct that disgraced the Plaintiff in violation of 15 U.S.C. § 1692(e)(7), by filing forcible detainer proceedings while under Court Ordered Temporary Restraining Order from the Judicial District Court, Bexar County, Texas in the filing of an unlawful foreclosure action in county court."  *Id*. at ¶ 19.  Spencer also alleges Defendants engaged in "unfair and deceptive means and attempts to collect the alleged debt in violation of 15 U.S.C. § 1692(f)" and "attempted to collect the alleged debt in a manner and amount not authorized by the original Mortgage and Note in violation of 15 U.S.C. § 1692(f)(1).  *Id*. at ¶¶ 20 and 21.  Lastly, Spencer alleges "Defendants threatened to unlawfully repossess the Plaintiff's property in violation of" 15 U.S.C. § 1692(f)(6).

Yet, all of Spencer's FDCPA allegations fail to pierce Defendants immunity, and fail to state a claim against them, because Spencer has not alleged Defendants are debt collectors within the FDCPA's meaning, or otherwise alleged Defendants "regularly" try to collect consumer debt through legal proceedings.  *See Martinez-Bey v. Bank of Am., N.A.*, No. 3:12-CV-4986-G BH, 2013 WL 3054000, at *6 (N.D. Tex. June 18, 2013) (holding an FDCPA claim was not properly alleged against a defendant law firm when the complaint failed to allege facts to support that the firm "regularly collected or attempted to collect . . . debts" in a case where the firm "wrongfully" instituted a foreclosure and eviction proceeding) (citing 15 U.S.C. § 1692a(6)).  Spencer only alleges Defendants wrongfully sent a demand letter and filed a petition for forcible detainer.  *See* docket no. 11.  Without allegations regarding Defendants' propensity to "regularly collect or

8

attempt to collect" debts, Defendants are not liable under the FDCPA. *See Hester v. Graham, Bright & Smith, P.C.*, 289 F. App'x 35, 42 (5th Cir. 2008) (holding attorneys are held liable under the FDCPA only when there are facts alleged that attorney-defendants "regularly" collected or attempted to collect debts). Further, while he includes conclusory allegations that Defendants were "collecting a debt," he includes no facts stating how they might have misrepresented the debt, and the petition for forcible detainer and notice of eviction do not mention a debt Spencer owes or an amount. The actions were meant to get him to leave the Property; there are no allegations or facts to support Defendants were collecting or attempting to collect a debt beyond mere conclusory statements. *See Hester*, 289 F. App'x at 42.

### B. *RES JUDICTA* AND COLLATERAL ESTOPPEL

Defendants argue the case should be dismissed on *res judicata* and collateral estoppel grounds because Spencer brought the same claims against Defendants previously and that suit resulted in an "Order of Non-Suit with Prejudice" in the state court. *See* Docket no. 7, Ex. 6. Here, Spencer filed a petition that is virtually identical to the one that was nonsuited with prejudice previously. *Compare* docket nos. 1-4 and 11 *with* (docket no. 7-5).

The doctrine of *res judicata* bars the relitigation of claims already decided on the merits by a court with proper jurisdiction in a prior proceeding. *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). Likewise, under collateral estoppel, "when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *RecoverEdge L.P. v. Pentecost*, 44 F.3d 1284, 1290 (5th Cir. 1995) (quoting *Ashe v. Swenson*, 397 U.S. 436, 443 (1970)). In Texas, state court orders of nonsuit with prejudice "constitute an adjudication on the merits," and have *res judicata* effect. *Epps v. Fowler*, 351 S.W.3d 862, 864 (Tex. 2011) ("[A] nonsuit with prejudice immediately alters the legal relationship between the parties by its res judicata

effect."); *see also America's Favorite Chicken Co. v. Galvan*, 897 S.W.2d 874, 878 (Tex. App.—San Antonio 1995, writ denied) (citing *Mossler v. Shields*, 818 S.W.2d 752, 754 (Tex. 1991)).

If *res judicata* and collateral estoppel were the only basis for dismissal, the Court would convert the Rule 12(b)(6) motion to dismiss to a 12(d) motion for summary judgment out of caution. *See, e.g.*, *Avila v. Ocwen Loan Servicing, LLC*, No. SA-14-CV-807-XR, 2014 WL 5795495, at *4 (W.D. Tex. Nov. 6, 2014); *see Hall v. Hodgkins*, 305 F. App'x 224, 227 (5th Cir. 2008); *Test Masters*, 428 F.3d at 570, n. 2 (holding that *res judicata* and collateral estoppel should be pled as affirmative defenses; not brought in a Rule 12(b)(6) motion to dismiss.); *but see Dean v. Mississippi Bd. of Bar Admissions*, 394 F. App'x 172, 175 (5th Cir. 2010) ("Dismissal under Rule 12(b)(6) on *res judicata* grounds may be appropriate when the elements of *res judicata* are apparent on the face of the pleadings."). However, because the Court already granted dismissal on immunity grounds, conversion to a motion for summary judgment is unnecessary. It is clear from the face of the pleadings Spencer's suit against Defendants is precluded and will be dismissed.

### C. CLAIMS AGAINST HWA

"A district court may *sua sponte* dismiss a complaint under Rule 12(b)(6) 'as long as the procedure employed is fair.'" *Whatley v. Coffin*, 496 F. App'x 414, 415 (5th Cir. 2012) (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)). Spencer's petition is unclear and does not differentiate between defendants when stating claims. Therefore the Court is construing all counts as asserted against all parties. The claims against the substitute trustee HWA remain pending, as HWA is not party to the motion to dismiss and has not asserted immunity or preclusion. However, the Court raises *sua sponte* that Spencer does not appear to allege any facts against HWA to support a cause of action under the FDCPA beyond mere legal conclusions. (Docket no. 11, p. 6).

10

The FDCPA prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt" and from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §§ 1692(e) and (f). Spencer fails to allege sufficient facts demonstrating that HWA is a "debt collector" within the meaning of the FDCPA or how HWA's status as a substitute trustee makes it a debt collector. 15 U.S.C. § 1692(a); *see Riley v. Wells Fargo Bank, N.A.*, No. CIV.A. H-13-0608, 2014 WL 129397, at *5 (S.D. Tex. Jan. 8, 2014). Further, under Texas law, HWA, as substitute trustee, is not considered a "debt collector." *See* Tex. Prop. Code § 51.0075(b) ("A trustee or substitute trustee is not a debt collector.").

Spencer also fails to allege facts to support that HWA acted falsely, deceptively, or with misleading representations or means to collect a debt in connection with the foreclosure sale. (*See* Docket no. 1-4, p. 6). Nor does he allege facts to support that HWA used unfair or unconscionable means to collect a debt when conducting the foreclosure sale. *Id*. Spencer appears to fail to state a claim against HWA for violations of the FDCPA.

If the FDCPA claim against HWA is dismissed, all of the federal claims in this case will have been terminated. The Court's jurisdiction over the state claims is based on supplemental jurisdiction under 28 U.S.C. § 1367(a) and relates back to the Court having federal question jurisdiction under 28 U.S.C. § 1441(a) over the FDCPA claims.

"The general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial." *Brookshire Bros. Holding v. Dayco Products, Inc*., 554 F.3d 595, 602 (5th Cir. 2009); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988) ("When the single federal-law claim in the action was eliminated at an early stage of the litigation, the District Court had a powerful reason to choose

not to continue to exercise jurisdiction."); *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992).  Without a federal claim to base supplemental jurisdiction on, the Court could choose to no longer exercise supplemental jurisdiction over Spencer's state claims against HWA.

**Therefore, the Court previously gave notice that the Court is considering dismissing the FDCPA claim against Defendant HWA for failure to state a claim, and Plaintiff has until June 18, 2015, to show cause why dismissal would be improper.  Further, notice is given to all parties that, if the FDCPA claim is dismissed, this Court intends to exercise its discretion under 28 U.S.C. § 1367(c) to decline to exercise its supplemental jurisdiction over the remaining state-law claims, and the parties have until June 18, 2015, to show cause why the case should not be remanded.**

## IV.   CONCLUSION

For all of the above stated reasons, Defendants' motion to dismiss (Docket no. 7) is GRANTED.  Plaintiff's claims against Defendants Robert D. Valdespino, Jack O'Boyle, Christopher S. Ferguson's, and Jack O'Boyle have been DISMISSED WITH PREJUDICE.  The claims against HWA are still pending.  HWA moved to strike Spencer's amended complaint (docket no. 11) because it was filed without leave of court or opposing parties' permission pursuant to Federal Rule of Civil Procedure 15.  Docket no. 12.  Considering the applicable factors under Rule 15, HWA's motion to strike (docket no. 12) is DENIED and the Court grants leave to Spencer to file the amended complaint.  Docket no. 14 is DENIED as MOOT.

It is so ORDERED.

SIGNED this 11th day of June, 2015.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE