IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ODIS SPENCER, | § |
| *Plaintiff,* | § |
| v. | § Civil Action No. 5:15-cv-00233 |
| HUGHES WATTERS ASKANASE, LLP, ET AL., | § |
| *Defendants.* | § |

## ORDER

On this day the court considered the status of this case. On June 11, 2015, the Court issued an Amended Order (docket no. 15) dismissing three defendants and requiring (1) Plaintiff Odis Spencer to show cause why his Federal Debt Collection Practices Act (FDCPA) claim should not be dismissed; and (2) Defendant Hughes Watters Askanase, LLP (HWA), to show cause why the Court should continue to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) and the case should not be remanded if the only federal claim is dismissed. HWA (docket no. 16) and Spencer (docket no. 17) responded to the Court's Order on June 18, 2015. After careful consideration, the Court instructs Spencer to amend his complaint to incorporate the specific facts and allegations in his response to the Court's Order.

### I.   BACKGROUND

Plaintiff Odis Spencer filed a state court petition with an application for damages in the 225th Judicial District Court of Bexar County, Texas, on February 2, 2015. (Docket no. 1-4). By his lawsuit, Spencer seeks to recover damages for a foreclosure and eviction upon the property at 7403 Cinnabar Trail, San Antonio, Texas 78244 (the "Property"). On September 4, 2012, Everhome Mortgage Company, LLC ("EMC") purchased the Property at a non-judicial

foreclosure sale that was held pursuant to the terms of a note and deed of trust executed by Spencer on January 29, 1987. (Docket no. 1, Ex. B). On September 4, 2012, Spencer was granted a Temporary Restraining Order ("TRO") against EMC and HWA, as substitute trustee, which went into effect September 4, 2012, and extended until September 28, 2012, to stop a foreclosure sale. (Docket no. 1, Ex. A). Despite the TRO, a foreclosure and sale of the Property took place on September 4, 2012.[1] (Docket no. 1, Ex. B). The Property was eventually sold on April 10, 2013 to REOCO, Inc. (Docket no. 1-4, Ex. D).

On August 4, 2014, Spencer filed a petition in Bexar County District Court against the three previous defendants in this case, Robert D. Valdespino, Jack O'Boyle, and Christopher S. Ferguson, lawyers at Jack O'Boyle and Associates, but not HWA, for alleged actions arising from the eviction as a result of the foreclosure and sale of the Property. (Docket no. 7, Ex. 6). The petition was non-suited with prejudice on December 30, 2014. (Docket no. 7, Ex. 6).

Spencer filed a second state petition against the previous defendants and HWA on February 2, 2015. (Docket no. 1-4). Spencer alleged four causes of action against all the defendants in his state court petition: (1) violation of the FDCPA; (2) fraud and misrepresentation under Texas Unfair Trade Practices; (3) violation of the Texas Civil Practice and Remedies Code § 12; and (4) an "intentional tort" alleging "emotional distress" caused by the Defendants' intentional acts, which the Court construes as an intentional infliction of emotional distress ("IIED") claim. (Docket no. 1-4). HWA removed the case to federal court asserting federal question jurisdiction based on the FDCPA claim on March 26, 2015. Docket no. 1.

---

[1] It is unclear from the record how the foreclosure and sale occurred the same day the TRO issued, i.e. whether the substitute trustee was served with the TRO.

The previous defendants moved to dismiss the claims against them, arguing attorney immunity and *res judicata* on May 1, 2015. (Docket no. 7). The Court granted that motion to dismiss in the Amended Order and dismissed the previous defendants on June 11, 2015. (Docket no. 15). Only HWA remains as a defendant in this case.

## II.     ANALYSIS

In its Amended Order, the Court stated:

> The FDCPA prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt" and from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §§ 1692(e) and (f). Spencer fails to allege sufficient facts demonstrating that HWA is a "debt collector" within the meaning of the FDCPA or how HWA's status as a substitute trustee makes it a debt collector. 15 U.S.C. § 1692(a); *see Riley v. Wells Fargo Bank, N.A.*, No. CIV.A. H-13-0608, 2014 WL 129397, at *5 (S.D. Tex. Jan. 8, 2014)."

(Docket no. 15. at 12). The Court ordered Spencer to show cause why his FDCPA claim should not be dismissed, and HWA to show cause why, if the FDCPA claim is dismissed, the Court should continue to exercise supplemental jurisdiction over the state claims in the complaint. *Id*. at 13. The Court also granted Spencer leave to file an amended complaint. (Docket no. 11).

In his response, Spencer specifically argues HWA is a "third party debt collector" as defined by 15 U.S.C. § 162(6) of the FDCPA. Docket no. 17 at 1. He argues, and attaches evidence, that HWA sent him a letter on January 18, 2011, where HWA admitted it was a debt collector, which stated:

> In compliance with the requirements of the Fair Debt Collection Practices Act, 15 U.S.C. §16921, and the Texas Debt Collection Practices Act, Tex. Fin. Code §392.001 and in response to your letter dated December 6, 2010 . . . THIS LETTER IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT AND INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE." (all caps and bolding is the way these sentences are typed within the letter).

(Docket no. 17-1).  Further, Spencer asserts "HWA knowing that it is a 'third party debt collector' as defined by both State and Federal Statute filed its 'third party debt collector' bond number RSB542246 issued by RLI Insurance Company with the Secretary of State as required by Texas State Law, which complies with both 15 U.S.C.A. §1692, *et seq*. and Chapter 392 of the Texas Finance Code, announcing to the Plaintiff and general public that HWA is a 'third party debt collector.'"  (Docket no. 17 at ¶ 6).  Lastly, Spencer argues that, as a third party debt collector, HWA violated the FDCPA in multiple ways, including falsely representing "the Character, Amount and Legal Status of Plaintiffs' alleged debt in violation of 15 U.S.C.A. § 1692e(2)(A)" and violating 15 U.S.C. § 1692f(6) "when it threatened foreclosure when Plaintiffs' real property was not subject to foreclosure as represented by HWA."

Given the opportunity, HWA did not offer any arguments or reasons the Court should dismiss Spencer's FDCPA claim against it.  *See* docket no. 16.  HWA only stated, "The Court indicated it intended to sua sponte rule on [Spencer's] FDCPA claims against HWA.  HWA agrees that the FDCPA claims should be dismissed."  (Docket no. 16 at ¶ 2).

In its Order, the Court wrote "the Court raises *sua sponte* that Spencer does not appear to allege any facts against HWA to support a cause of action under the FDCPA beyond mere legal conclusions." (Docket no. 15 at 11).  The amended complaint still likely lacks factual allegations sufficient to "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also* FED. R. CIV. P. 8(a).  The live complaint does not allege HWA is a debt collector or any specific facts to support that HWA is a debt collector; focusing instead on HWA's status as the substitute trustee at the foreclosure sale.

However, Spencer has listed several specific facts that might to properly state an FDCPA claim against HWA in his response to the Court's Order to show cause.  **Therefore, the Court instructs Plaintiff to file a second amended complaint against HWA that incorporates the arguments and facts articulated in his response (docket no. 17) by July 13, 2015.**  The Court continues to exercise its supplemental jurisdiction over the state law claims against HWA for the time being.[2]

It is so ORDERED.

SIGNED this 30th day of June, 2015.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[2] In a footnote in its response, HWA says "The Amended Order mistakenly states that HWA did not assert immunity or preclusion.  HWA's Amended Answer asserted attorney immunity and the bars of res judicata, collateral estoppel, and judicial estoppel." Docket no. 16 at 2 n.1.  The Court did state, "The claims against the substitute trustee HWA remain pending, as HWA is not party to the motion to dismiss and has not asserted immunity or preclusion." The Court was not "mistaken."  It was simply explaining to the *pro se* Plaintiff why HWA was not also dismissed given the Court's analysis for the other defendants in this case.  The Court is aware of HWA's affirmative defenses.  To date, HWA has not moved for summary judgment on those defenses or offered otherwise evidence or argument for attorney immunity or preclusion, so the Court has not had the opportunity to rule on those issues as they relate to HWA.